UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MAURICE PATTERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:18-CV-310 JD-MGG |
| | ) |
| vs. | ) |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Maurice Patterson, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a state conviction. ECF 1. Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Patterson believes that the Indiana Parole Board has miscalculated his parole release date. ECF 1-1. Patterson filed this federal petition, claiming that his rights have been violated in connection with Parole Board's refusal to release him from his original sentence. *Id.* His petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before

considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief is not available. *See id.*

There are two possible methods for challenging a parole determination in Indiana court: by filing a state post-conviction petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App.2010), or by filing a state habeas petition. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). If a state habeas petition is improperly filed, it will be converted to a post-conviction petition and processed accordingly. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004). Here, Patterson acknowledges that he has not yet presented his claim to the state courts through either of these two channels. Therefore, he has not yet exhausted his state court remedies. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed, but the dismissal will be

without prejudice to his right to file a new petition after exhausting his available state court remedies.[1]

For these reasons, the petition (ECF 1) is DISMISSED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED on May 16, 2018.

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] Courts considering the issue have held that 28 U.S.C. § 2244(d)(1)(D) supplies the deadline for a habeas petition challenging a state parole determination. Thus, the one-year deadline would run from the date of the parole decision, absent any period of tolling. *See Brown v. Barrow* 512 F.3d 1304 (11th Cir. 2008); *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 332-33 (4th Cir. 2003); *Cook v. N.Y. State Division of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 362-64 (5th Cir. 2002). Patterson seems to be well within a year of the Indiana Parole Board's decision denying him release from his original sentence, and the federal deadline would be stayed during the time he has a properly filed state petition for collateral review pending. 28 U.S.C. § 2244(d)(2). If he acts diligently, he should have sufficient time to return to federal court after the state proceedings have concluded.